[No. 18534-6-III.   Division Three.   February 24, 2000.]

SPOKANE RESEARCH & DEFENSE FUND, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.

James C. Sloane, City Attorney, and M. Laurie Flinn Connelly, Assistant, for appellant.

Stephen K. Eugster of Eugster & Grimes, P.S.C., for respondent.

KURTZ, C.J. — The City of Spokane appeals the decision of the superior court that the performance evaluation summaries for the Spokane City Manager are subject to public disclosure under RCW 42.17. The City contends that the summaries are exempt from disclosure under the employee privacy exemption of that statute. We conclude that the performance evaluation summaries are subject to public disclosure because there is a legitimate public interest in

the information. We affirm the decision of the superior court.

The Spokane City Manager is appointed by the Spokane City Council and serves the City at its will. Each year the Council evaluates the job performance of the City Manager. In 1999, as part of its evaluation of William Pupo, the Council sent 125 questionnaires to a broad spectrum of the community, including neighborhood groups, agencies and businesses who work with the City and its employees. The Council hired an outside consulting firm to compile and analyze the responses to the questionnaires. In part, this information was used by the City Council in making a decision to retain Mr. Pupo as City Manager. He subsequently resigned.

The Spokane Research & Defense Fund requested "a copy of summaries or tabulation of responses or other synopses used or being used by the City Council concerning Mr. Pupo." The Council denied the request on the ground the material was exempt from the public disclosure act. The Fund then moved the superior court for an order to show cause why the City should not produce the records pursuant to RCW 42.17.

The superior court identified the issue as whether the records that the Fund sought were exempt under RCW 42.17.310(1)(b), which excludes from disclosure "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy." The court held that disclosure of the compilation would not violate Mr. Pupo's right of privacy because "it is an examination of his public job performance." And, in the court's view, the records are of legitimate concern to the public. As to the latter point, the court cited the fact the materials did not identify the persons who had responded to the evaluation questionnaires. Hence, fear of public disclosure would not compromise an evaluator's candor in making the performance evaluations. The court therefore reasoned that disclosure would not harm the efficient administration of

government. The court also awarded the Fund its attorney fees pursuant to RCW 42.17.340(4).

■■ RCW 42.17 requires state and local governments to disclose any public record upon request, unless the record falls within specified exemptions. This law "is a strongly-worded mandate for broad disclosure of public records." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978). Its disclosure provisions are liberally construed, and its exemptions are narrowly construed. RCW 42.17-.010(11), .251, .920. By statute, courts interpreting RCW 42.17 are directed "that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.17.340(3). Consequently, government bears the burden of proving that refusing to disclose "is in accordance with a statute that exempts or prohibits disclosure[.]" RCW 42.17.340(1).

■ The City argues that the summaries of Mr. Pupo's performance evaluations are exempt from disclosure under RCW 42.17.310(1)(b), the employee privacy exemption provision. This provision exempts: "Personal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy." RCW 42.17.310(1)(b). A person's right to privacy is violated "only if disclosure of information about the person: (1) Would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public." RCW 42.17.255. Under these provisions, the use of a test that balances the individual's privacy interests against the interest of the public in disclosure is not permitted. *Brouillet v. Cowles Publ'g Co.*, 114 Wn.2d 788, 798, 791 P.2d 526 (1990). Even if the disclosure of the information would be offensive to the employee, it shall be disclosed if there is a legitimate or reasonable public interest in its disclosure. *Dawson v. Daly*, 120 Wn.2d 782, 797-98, 845 P.2d 995 (1993).

In *Dawson*, this Supreme Court discussed the exemption contained in RCW 42.17.310(1)(b). There, an expert wit-

ness who testified for the defense in child abuse cases sought disclosure of files that the prosecutor had developed "for use in challenging his qualifications, in cross-examining him, and in attempting to impeach him[.]" *Dawson*, 120 Wn.2d at 787. He also sought disclosure of the personnel file of the deputy prosecutor who had created the office file. The purpose of this latter request was to determine whether the deputy had defamed him or interfered with his business. With some exceptions, the prosecutor's office disclosed the deputy's personnel file. One of the exceptions was the deputy's performance evaluations. The expert witness then went to court to compel disclosure of this information.

The court characterized the issue before it as "whether disclosure of a performance evaluation, which does not discuss any specific instances of misconduct or of the performance of public duties, would be highly offensive to a reasonable person[.]" *Id.* at 796. The court further stated: "[e]mployee evaluations qualify as personal information that bears on the competence of the subject employees." *Id.* at 797. Therefore, "disclosure of performance evaluations, which do not discuss specific instances of misconduct, is presumed to be highly offensive within the meaning of RCW 42.17.255." *Dawson*, 120 Wn.2d at 797. However, the court went on to state "[t]he presumption we establish satisfies only the offensiveness prong of RCW 42.17.255. For a performance evaluation to be within the employee privacy exemption, the agency *must also establish the absence of a legitimate public concern*." *Id.* (emphasis added).

Evaluations of public employees ordinarily are not subject to public disclosure. In the normal course, both the supervisor and the employee reasonably expect those evaluations to remain confidential. The disclosure of that information would be offensive to a reasonable person and of small public concern. In *Dawson*, the court concluded that the performance evaluation of a deputy county prosecutor was not subject to public disclosure because the legitimate

public interest in it was small and the disclosure could harm the public interest in efficient government. *Id.* at 794-800.

■ The position of Spokane City Manager is not like that of other public employees. The Spokane City Manager is the City's chief executive officer, its leader and a public figure. The performance of the City Manager's job is a legitimate subject of public interest and public debate. A person in the position of Spokane City Manager cannot reasonably expect that evaluations of the performance of his or her public duties will not be subject to public disclosure. Additionally, each year the Spokane City Council evaluates the job performance of the City Manager. In part, the purpose of that evaluation is to determine whether the employment of the City Manager should be continued. Because the City Council used this information in making its determination to retain the City Manager, there is a legitimate public interest in the information.

We hold the public has a legitimate interest in disclosure of Mr. Pupo's performance evaluation. For that reason, the information is not exempt even if it would otherwise qualify under RCW 42.17.310(1)(b). We affirm the superior court's decision ordering the City to disclose the compilation of Mr. Pupo's performance evaluations.

■ The public disclosure act provides that a person who prevails in an action to inspect a public record "shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action." RCW 42.17.340(4). The City argues that the Fund is not entitled to an award of attorney fees, even if it prevails on the disclosure issue, because attorney Stephen Eugster and the Fund are one in the same person. Under the City's analysis, Mr. Eugster is proceeding pro se and an attorney who represents himself in a civil rights action cannot recover attorney fees as part of his damages. *Kay v. Ehrler,* 499 U.S. 432, 435, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991). The Fund is a Washington nonprofit corporation. Mr. Eugster is its president. The City relies solely upon that fact. It offers

no authority to support its proposition that a president of a corporation who is also a lawyer, and who represents the corporation in court, is acting pro se and not as an attorney at law. Indeed, *Kay* recognized that "[an] organization is always represented by counsel . . . and thus, there is always an attorney-client relationship." *Id.* at 436 n.7. Mr. Eugster signed the complaint for public disclosure as the Fund's attorney, not as its president.

We also affirm the superior court's award of attorney fees and award attorney fees on appeal. We remand to the superior court for a determination of those fees.

BROWN, J., concurs.

SCHULTHEIS, J. (dissenting) — The majority opinion recognizes that the public disclosure of William Pupo's general performance evaluations that do not concern specific instances of misconduct or specific instances of his public job performance, is presumed to be highly offensive to his privacy, within the meaning of RCW 42.17.255. I agree with that conclusion. However, I disagree with the majority's determination that the public, nonetheless, has a legitimate concern in access to those evaluations.

The majority carves out an exception in Mr. Pupo's situation because his position as City Manager "is not like that of other public employees." Majority, at 457. My concern with this approach is that it singles out one type of job and gives the public carte blanche access to the performance evaluations of the employee who holds that job. While a city manager functions in the public eye, so do many other government employees, including police chiefs, city attorneys, and school superintendents. I think the public's legitimate concern in their job performance is served by giving it access to evaluations that concern *specific instances* of their public job performance, as stated in *Dawson v. Daly*, 120 Wn.2d 782, 845 P.2d 995 (1993). I do not think it is served by disclosure of general performance evaluations.

A city manager's morale, like that of any other public employee, would suffer if his or her performance evalua-

tions were freely available. The result could be a reduction in the quality of his or her job performance. Indeed, this effect may be more likely in these high-profile positions. In such cases, the employee's ability to do his job depends, to a certain extent, on the public's perception of how well he does it. Specifically, in managing the city and its resources, the confidence, support and cooperation of the city's business people and others can be critical to a city manager's ability to lead. If those people are privy to routine evaluations of the city manager, that information may have an adverse effect on their confidence and support, and result in a consequent detriment to the city and to the public's interest in the efficient operation of government. As set forth in *Dawson*, 120 Wn.2d at 798, it is not reasonable to "[r]equir[e] disclosure where the public interest in efficient government could be harmed significantly more than the public would be served by disclosure[.]" In such cases, the public concern is not legitimate. *Id.*

For these reasons, I would reverse the superior court's judgment and uphold the City's refusal of the plaintiff's request for Mr. Pupo's performance evaluations.